The STATE of Utah, Plaintiff and Respondent,

v.

Evan Leone HANSEN, Defendant and Appellant.

No. 13962.

Supreme Court of Utah.

Oct. 1, 1975.

Evan Leone Hansen, pro se.

Vernon B. Romney, Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

Mr. Hansen appeals from a conviction under Sections 31–41–4 and 31–41–5, U.C.A.1953 (Replacement Vol. 4A). He has not filed a brief or caused any record to be before us. It is, therefore, impossible for us to know upon what grounds he wishes us to reverse the trial court.

The two sections of the statute mentioned in the notice of appeal pertain to compulsory insurance by operators of motor vehicles. Operating a motor vehicle upon the public highways of this state without insurance coverage is by statute [1] a misdemeanor. Since appellant was charged with a misdemeanor, it would appear that he was first convicted in a justice of the peace court and thereafter on appeal in the district court. If that be the fact, the only thing he could bring before this court would be the constitutionality of the statute.[2]

Mr. Hansen in a couple of letters explains his problem by saying that he is a rancher who does not have time to come to court and that he refuses to buy insurance because of his religious belief. In one of the letters he states:

> I am aware that atheism is the official national religion, supported by law. However, I refuse to share this opinion. God created this world and everything in it. As the Creator, God's laws take precedence over anything and everything that men may do. Atheists think they can abolish God . . . my advice is to beware that you don't provoke God into returning the opinion and abolish **you.**

In the other letter he says:

> I follow the teachings of Christ to the best of my understanding, and Luke 12:11 says "And when they bring you into the synagogues, and unto magistrates and powers, take ye no thought how or what thing ye shall answer, or what ye shall say; for the Holy Ghost shall teach you in the same hour what ye ought to say." Obviously, this would be impossible if an attorney directed my case.

We are not permitted to reverse a trial court unless he has committed reversible error during some of the proceedings in the case. In this matter we are unable to find any error on the part of the trial judge, and so the judgment must be and is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT, and TUCKETT, JJ., concur.

MAUGHAN, J., concurs in the result.

---

1. Section 31-41-13, U.C.A.1953 (Replacement Vol. 4A).

2. Utah Constitution, Article VIII Sec. 9.